[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14629
_____

D.C. Docket No. 1:11-cr-20338-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO PONCE RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 4, 2014)

Before ANDERSON, Circuit Judge, and MOODY,[*] and SCHLESINGER,[**]
District Judges.

---

[*] Honorable James S. Moody, Jr., United States District Judge for the Middle District of
Florida, sitting by designation.

[**] Honorable Harvey E. Schlesinger, United States District Judge for the Middle District
of Florida, sitting by designation.

After oral argument and careful consideration of the briefs and relevant parts of the record, we conclude that the judgment of the district court should be affirmed. We discuss the several arguments of defendant-appellant in turn.

Defendant argues that there was insufficient evidence that he knew that the drugs he was transporting through Central America would ultimately be unlawfully imported into the United States. In addition to circumstantial evidence that the conspirators, including defendant, knew that the ultimate purpose of the conspiracy was that the drugs being handled and transported would ultimately be unlawfully imported into the United States,[1] there was also direct evidence of such knowledge. Several of the defendant's co-conspirators indicated that everyone involved in the conspiracy knew that the large bulk shipments of cocaine they were handling and transporting

---

[1] The circumstantial evidence included: (a) evidence that the usual route for the importation of drugs from South America into the United States market was through Central America, whereas the usual route for the importation of drugs into the European market was through Africa; (b) evidence that illegal drugs intended for the United States market would ordinarily be paid for in United States dollars while drugs intended for the European market would ordinarily be paid for in Euros; and (c) evidence that that bulk loads of cocaine as large as those involved in this case would ordinarily be intended for the large United States market, rather than for the smaller markets of the poverty-stricken Central American countries. Thus, the evidence in this case that the defendant and his conspirators were receiving very large bulk loads of cocaine from South America, and were transporting same through Honduras, Guatemala and Mexico, and were paying and being paid in United States dollars is circumstantial evidence that the defendant and his co-conspirators knew that the ultimate destination of the cocaine was the United States market. Because of the direct evidence in this case, we need not address the issue of whether or not such circumstantial evidence would ever be sufficient to convict. We also note that the defendant in this case testified before the jury and expressly denied any involvement in the movement of drugs across Central America and into Mexico and the United States. The jury observed his testimony, could disbelieve him and could believe the opposite.

through Central America were intended to be imported into the United States, that is that the United States was the ultimate destination for the bulk cocaine loads.  And one of them `testified about his joint venture with defendant to ship 1,000 kilograms of cocaine from Venezuela to Guatemala and on to Mexico and the United States.  This co-conspirator testified that defendant said he was planning to bring his share of the cocaine to the United States.

Defendant also argues that the district court's instructions to the jury constituted a constructive amendment of the indictment, effectively permitting the jury to convict if the jury found that defendant actually caused the drugs to be imported into the United States, rather than the offense actually charged in the indictment – i.e., that defendant distributed the drugs (e.g., outside of the United States), knowing that the drugs would ultimately be imported into the United States.  We note that there was no objection to the jury instructions, on this or on any other ground.  To support his constructive amendment argument, the defendant points to the first phrase of a two-phrase sentence that – if considered in isolation from everything else in the instructions – might possibly be read as an indication that the defendant was charged with actually importing the drug into the United States.[2]  However, as fully explored at oral argument, the second phrase of that

---

[2]    In light of our resolution of this case, we can assume arguendo, but need not

very same sentence, and numerous other very clear provisions of the jury instructions persuade us that there is no possibility that the jury would have misunderstood the true offense charged in the indictment.  Indeed, the sentence immediately following the sentence upon which defendant relies made it absolutely clear that the jury could not misunderstand the true charge. Moreover, the jury also had during its deliberations the actual indictment itself.  We readily conclude that there was no constructive amendment.[3]  There was no error, plain or otherwise.

The defendant also challenges the jury instructions with respect to the mens rea element.  Our careful review of the jury instructions persuades us that the jury fully understood the mens rea requirement.  We cannot conclude that there was error, and certainly not plain error.

We doubt that defendant's vague and conclusory mention of a single/multiple conspiracy issue in his initial brief is sufficient to warrant

---

decide, that this phrase would actually constitute a constructive amendment if considered in isolation.

[3]    Defendant also relies on one other reference in the instructions to the effect that defendant conspired to import.  However, that reference was in the context of instructions with respect to the verdict form's provision requiring the jury to designate the number of kilograms involved if the jury found the defendant guilty.  In light of the numerous explicit and very clear provisions in the instructions – describing precisely and correctly the charges in the indictment – and in light of the limited context of provision about the verdict form, and finally, in light of the fact that the actual charge in the indictment could colloquially be referred to as importation, we readily conclude that the jury could not possibly have misinterpreted the true charge and that there was no constructive amendment.

entertaining the issue.  In any event, we readily conclude that defendant has not demonstrated error in this regard.

With respect to defendant's arguments that improper cross-examination of defendant's main witness and cumulative errors require a new trial, we note initially that there was no objection in the district court to any of the errors complained of.   We have carefully considered the arguments of the parties, and relevant portions of the record, and we have considered the errors complained of, both individually and in the aggregate, and we conclude that there probably has been no error at all and certainly that there has been no plain error.

For the foregoing reasons,[4] the judgment of the district court is

AFFIRMED.

---

[4]     Other arguments on appeal are rejected without need for discussion.